**In the Matter of the WELFARE OF D.S.F., Child.**

No. C1–86–697.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Cecil Naatz, Marshall, for appellant.

Merlyn D. Anderson, Murray Co. Atty., David Peterson, John A. Doyle, Asst. Co. Attys., Slayton, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ.

### SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

On the night of February 6, 1986, 16–year-old appellant D.S.F. drove down a

Murray County township road just north of Currie, Minnesota. It was dark and the road had ice patches and snow on the shoulders. Posted on the road, and seen by appellant, was a roadsign indicating a gradual left hand turn. Appellant slowed from 50 miles per hour to approximately 35–40 miles per hour. The vehicle was not able to make the turn and went off the road. A deputy sheriff responded and after investigating issued appellant a citation for violation of the basic speed rule, Minn. Stat. § 169.14, subd. 1 (1984). A juvenile trial was held on March 19, 1986. The trial court filed an order on March 27, 1986 adjudging appellant a traffic offender in violation of section 169.14. Sentencing was stayed under Minn.R.P.Juv.Cts. 31 pending outcome of this appeal challenging the sufficiency of the evidence.

### DECISION

No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

Minn.Stat. § 169.14, subd. 1 (1984). The Minnesota Supreme Court has stated:

> The reasonableness of a motorist's speed is always to be gauged by the surrounding actual and potential hazards of which he has knowledge or, which he, as a reasonably prudent man, ought to have anticipated * * *.

*Simon v. Carroll,* 241 Minn. 211, 216, 62 N.W.2d 822, 826 (1954).

Appellant alleges reasonableness based on his lack of actual knowledge of the roadway and his dependency on posted roadsigns. Appellant claims he braked to a reasonable speed given the nature of the roadsign which indicated a gradual curve and did not display a suggested speed limit. In fact, the roadway bent at nearly a 90 degree curve. The roadsign posted for drivers travelling in the opposite direction displayed a sharp right hand turn.

■ We conclude the evidence was sufficient to support appellant's citation. The

accident occurred shortly after 11:00 p.m. on an unlit road. The complaint indicated the weather was cloudy and the road was slippery. The deputy sheriff testified the road was snowpacked and icy. *Cf. Wenger v. Velie,* 205 Minn. 558, 560, 286 N.W. 885, 886–87 (1939) (speed unreasonable when driving at night in falling snow over an unfamiliar roadway at 35 to 40 miles per hour when previously warned about "tricky turns").

■ Sole reliance on a roadsign was unreasonable under these conditions. The roadsign placed appellant on notice of the turn irrespective of whether he suspected a more gradual curve. Being unfamiliar with the roadway, he should have taken greater care. The roadsign opposite indicating a sharp turn is irrelevant because it was not known to appellant before the accident and therefore did not affect his driving.

Affirmed.